UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| | : | |
| $14,963.00 IN UNITED STATES CURRENCY; | : | |
| AND $1,642.00 IN UNITED STATES | : | |
| CURRENCY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANT: RICHARD RIVERA] | : | September 14, 2018 |

STIPULATED VERIFIED COMPLAINT OF FORFEITURE

Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Fourteen Thousand Nine Hundred Sixty-Three Dollars ($14,963.00) in United States Currency, and One Thousand Six Hundred Forty-Two Dollars ($1,642.00) in United States Currency ("Defendant Currency"), for violations of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

THE DEFENDANTS IN REM

2.      The defendants comprise two separately seized amounts of United States Currency seized from the person and residence of Claimant Richard Rivera ("Claimant") on or about January 31, 2017.  The Defendant Currency is currently in the custody of the United States

1

Marshal Service.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4.      This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue arrest warrants *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Currency pursuant to 18 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6.      The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents proceeds traceable to or used to facilitate the exchange of controlled substances in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

## STIPULATED FORFEITURE AGREEMENT

7.      The United States and the Claimant have reached an agreement.  The terms of the agreement are embodied in a Stipulated Forfeiture Agreement attached hereto as Exhibit A. Pursuant to the agreement, the Claimant has agreed to the forfeiture of the Defendant Assets after the appropriate procedural steps are taken.

WHEREFORE, the United States of America prays that the Warrant of Arrest In Rem for the Defendant Currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant

2

Currency to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____/s/ David X. Sullivan_____
DAVID X. SULLIVAN (ct03793)
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
T: (203) 821-3700
F: (203) 773-5392
E-Mail: david.sullivan@usdoj.gov

<u>DECLARATION</u>

I am a Task Force Officer with the Drug Enforcement Administration and the officer

assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture, and it is true

to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of September, 2018.


_____ /s/ Jeffrey D. Poulin_____
JEFFREY D. POULIN
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| | : | |
| $14,963 IN U.S. CURRENCY and | : | |
| $1,642 IN U.S. CURRENCY | : | |
| | : | |
| Defendant | : | |
| | : | |
| [CLAIMANT: RICHARD RIVERA] | : | |

## STIPULATED FORFEITURE AGREEMENT

In full and final satisfaction of any and all claims, demands, and liens from which PLAINTIFF, UNITED STATES OF AMERICA ("UNITED STATES"), its agents, subrogees, successors, and assigns, now have against the above-captioned defendant property, the PLAINTIFF and the CLAIMANT, RICHARD RIVERA ("CLAIMANT"), and his agents, subrogees, successors, and assigns, by and through their respective counsel, hereby stipulate and agree to the compromise settlement of the above-captioned forfeiture matter upon the terms and conditions set forth below:

1.    CLAIMANT hereby warrants that he is the sole owner of the defendant property listed above -- namely, $14,963 in U.S. currency that was seized from Richard Rivera's residence at 14 South Street, Apartment C1, Hartford, CT on or about January 31, 2017 and $1,642 in U.S. currency that was seized from the defendant's person on or about January 31, 2017 -- which was seized on or about January 31, 2017 by federal, state and local law enforcement officers, which included agents from the Drug Enforcement Administration ("DEA"), officers from the

- 1 -

Connecticut State Police and officers from the Hartford Police Department, who were jointly investigating criminal activity in the City of Hartford, and further states that he claims exclusive right, title and interest in and to the defendant property.

2.      CLAIMANT agrees to the forfeiture of all of the above-listed defendant property, to the United States of America, to be disposed of according to law.

3.      Although CLAIMANT is not aware of any other persons or entities who could claim any valid right, title, or interest in and to the defendant property, CLAIMANT agrees to take all steps that may be requested to help convey clear title to the United States in the defendant property, to share truthful information with agents and representatives of the United States about any facts and claims concerning the defendant property, and to testify truthfully in any judicial forfeiture proceeding concerning the defendant property, if requested.

4.      CLAIMANT further agrees that neither he nor any current or future officers, agents, representatives, subrogees, assigns or successors of CLAIMANT shall appear in or pursue any action or proceeding at law or in equity to contest the forfeiture of the defendant property to the UNITED STATES as provided in Paragraph 2 above.   CLAIMANT further waives the requirements of Supplemental Rule G regarding direct notice to Claimant, and consents to the entry of any Motion for Decree of Forfeiture, filed hereafter, consistent with the terms of this Stipulation.

5.      CLAIMANT further releases and forever discharges the United States of America, the DEA, and their officers, agents, servants, and employees, and their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever, in law or equity, which CLAIMANT and CLAIMANT's heirs, successors, or assigns ever had, now have, or may in the future have in connection with the seizure, detention, forfeiture, and release by the United States of America of the defendant property.

6.      CLAIMANT further agrees to hold and save the United States of America, the Drug Enforcement Administration, the Connecticut State Police and the Hartford Police Department, and their officers, agents, servants, and employees, and their heirs, successors, or assigns, harmless from any claims by any others, including costs and expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, forfeiture, and release of the defendant property.

7.      This Stipulation for Compromise Settlement shall not constitute an admission of liability or fault on the part of the UNITED STATES, its officers, agents, servants, or employees, or on the part of the CLAIMANT, and is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

- 3 -

8.    The UNITED STATES and the CLAIMANT agree to bear their own costs and attorneys' fees, and to execute and/or consent to, any additional documents necessary to implement the terms of this stipulated agreement.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

8·10·18
DATE

GEOFFREY M. STONE
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct 25326
450 Main Street
Hartford, CT   06103
(860) 947-1101

COUNSEL FOR PLAINTIFF,
UNITED STATES OF AMERICA

8-10-18
DATE

ALLISON NEAR
COUNSEL FOR RICHARD RIVERA

8-10-18.
DATE

RICHARD RIVERA
CLAIMANT

- 4 -